UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN A GOLDFINCH,<br><br>Defendant. | CASE NO. CR09-5667RJB<br><br>ORDER GRANTING MOTION FOR SENTENCE REDUCTION BASED ON RETROACTIVE AMENDMENTS TO COCAINE BASED GUIDELINES |

This matter comes before the court on the above-referenced motion (Dkt. 31). The court is familiar with the records and files herein and documents filed in support of and in opposition to the motion.

It appears that the defendant qualifies to have his sentence reduced from 96 months to 60-63 months pursuant to 18 U.S.C. § 3582c)(2). Both the probation department and the defendant request such a reduction to 63 months, the high end of the new guideline range.

The plaintiff argues that the defendant's sentence should not be reduced because such a reduction is discretionary under 18 U.S.C. § 3582(c)(2) and because of the post-sentencing assaults, the court's discretion should be exercised by denying the sentence reduction, considering the factors set forth in 18 U.S.C. § 3553(a).

ORDER GRANTING MOTION FOR SENTENCE
REDUCTION BASED ON RETROACTIVE
AMENDMENTS TO COCAINE BASED
GUIDELINES- 1

While the record indicates that Mr. Goldfinch has received prison sanctions for assaultive behavior in custody since his sentencing, it is not clear from the record just exactly what Mr. Goldfinch actually did (as compared to what other prisoners may have done) and it appears that Mr. Goldfinch may have some defenses to his prison violations. In any event, those matters were handled through the prison disciplinary process.

It appears to the court that if the court were to consider denying the defendant's requested reduction in sentence, a full hearing would be necessary to determine exactly what happened at the time of the post-sentencing infractions and to determine the defendant's culpability. Due process would demand no less.

Under all of the circumstances presented here, it appears to the court that the better course is to allow the prison system to deal with the post-sentencing infractions and to allow the sentence reduction requested, with the hope that Mr. Goldfinch is receiving and will receive within the prison system the assistance he needs to live crime-free in the future.

The court has executed the order regarding motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) for the foregoing reasons.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 29th day of December, 2011.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING MOTION FOR SENTENCE
REDUCTION BASED ON RETROACTIVE
AMENDMENTS TO COCAINE BASED
GUIDELINES- 2